■ LOURDES ORTIZ, Respondent, v WILLIAM M. WEAVER et al., Appellants. [594 NYS2d 35] —Defendants' attorneys Molod & Berkowitz, P. C., shall pay $5,000 as sanctions and the Clerk of the Supreme Court, New York County, is directed to enter judgment in the amount of $5,000 in accordance with 22 NYCRR 130-1.3, in favor of the Clients' Security Fund against Molod & Berkowitz, P. C., said amount to be paid within thirty days from the date of entry of judgment.

In an order entered December 1, 1992 [188 AD2d 290], we unanimously affirmed the grant by the IAS Court of plaintiff's motion pursuant to CPLR 3126 to strike defendants' answers and permitting the filing of a note of issue setting the action down for inquest and assessment of damages for their willful noncompliance with seven disclosure orders over a two-year period. In our memorandum, we noted the defendants' default was deliberate and contumacious. Thereafter, we sought briefs from the parties as to whether sanctions should be imposed pursuant to 22 NYCRR part 130 for defendants' counsel's frivolous conduct.

We have now received submissions from the parties. Although the plaintiff has settled this action for a substantial sum, we find that the record before us justifies the imposition of a $5,000 sanction against defendants' attorneys payable to the Clients' Security Fund pursuant to 22 NYCRR 130-1.3.

We have already found that defendants, landlord and owner, respectively, of the premises where plaintiff was raped, united in interest and represented by the same law firm, engaged in a course of conduct which was dilatory, evasive and obstructive. The record shows that defendants made a calculated decision not to comply with the IAS Court's seven successive disclosure orders by, *inter alia,* denying having received any complaints about security prior to the occurrence involving plaintiff, when, in fact, the Alcoholic Beverage Control Board had sent defendants eight warnings concerning assaults on the premises and the need for more security; repeatedly failing to produce court-ordered records of any assaults on the premises; repeatedly refusing to comply with court orders for deposition until seven months after defendants had sold the assets of the corporation, The Tunnel, Inc.; refusing to permit the plaintiff to reinspect the premises until the interior, as it existed on the date of the alleged rape, was destroyed; serving a discovery response which stated that the defendants maintained coverage with United National Insurance Company in the sum of $500,000, while failing to divulge

to the plaintiff that one defendant had, in fact, $11 million of insurance coverage; and unilaterally discarding critical documents, known to have been in existence in December of 1988, and requested in November 1989, including the security logs and security records for the premises.

While these acts furnished the basis for the Supreme Court's striking of defendants' answers pursuant to CPLR 3126, the record is clear that counsel for defendants were ultimately responsible for these actions. Their acts were "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]) and warrant the imposition of $5,000, as sanctions based upon the wanton and willful nature of counsel's actions set forth above. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.